IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:22-CR-011-H |
| JACOB CORY PENTON | |

### FACTUAL RESUME

In support of Jacob Cory Penton's plea of guilty to the offense in Count One of the Superseding Information, Penton, the defendant, Charles Chambers, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. §§ 2252A(a)(2) and (b), that is, Receipt and Distribution of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That the defendant knowingly received or distributed an item of child pornography, as alleged in the superseding information;

*Second.*  That the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third.*  That when the defendant received or distributed the item of child pornography, the defendant knew the item was or contained child pornography.

---

[1] Fifth Circuit Pattern Jury Instruction 2.85D (2019).

Jacob Cory Penton
Factual Resume—Page 1

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

To "distribute" means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an un- natural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STIPULATED FACTS

1.  Jacob Cory Penton admits and agrees that from a date unknown to the grand jury to on or about August 23, 2021, in the Lubbock Division of the Northern District of Texas, and elsewhere, he did knowingly receive and distribute child pornography and material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and that when the defendant received and distributed the item of child pornography, the defendant knew the item was and contained child pornography. In violation of Title 18, United States Code, Sections 2252A(a)(2) and (b).

2.  On April 27, 2021, the United States Department of Homeland Security, Homeland Security Investigations (HSI) received information that Jacob Cory Penton, who lived in Plainview, Texas, had engaged in a chat conversation via an encrypted chat platform in which he openly spoke of his sexual interest in children. In those conversations, Penton also admitted to sexually assaulting a minor.

3.  Agents reviewed messages in the Kik messaging application from an individual with the username "jcp6912." Kik user "jcp6912," later identified as Jacob Cory Penton, had a profile picture of Penton posing shirtless in a bathroom with his face exposed. User "jcp6912" also included a profile name of "Jake Pen." HSI conducted a search of open-source records and was able to determine that the email address "jcp6912@gmail.com" was registered to Penton, with an address in Plainview, Texas.

4. Beginning on March 2, 2021, and continuing through April 15, 2021, Penton engaged in chat messages over the Kik application during which he discussed child pornography and child sexual abuse. HSI agents sent a preservation letter to Kik for all records related to the account. On August 2, 2021, HSI agents also obtained a State of Texas search warrant for user content information associated with the Kik user account "jcp6912."

5. On August 12, 2021, Kik provided HSI with the Court-ordered information. Forensic analysis of the content returned by Kik resulted in the discovery of 15 images of child pornography associated with user account "jcp6912," which Penton admits and agrees was him. The images included, among other things, a photograph of an approximately four-year old girl having her mouth penetrated by an adult penis, and a video of an approximately six-year-old girl being vaginally penetrated by an adult using a foreign object. The metadata of the images showed creation dates ranging from April 16, 2021, to April 20, 2021, indicating that Penton received these images through the Kik application in April 2021.

6. Further analysis revealed that Penton had distributed images of child pornography. On April 18, 2021, Penton distributed the video described above to five separate Kik users in the span of a few minutes. On April 29 and 30, 2021, Penton distributed another video to three other Kik users depicting an approximately eight-year-old female having her vagina penetrated by an adult male penis. Penton admits and agrees that he knowingly distributed these images, and that these images were child pornography, as defined in Title 18, United States Code, Section 2256(8)(A).

Jacob Cory Penton
Factual Resume—Page 4

7.      On August 20, 2021, DPS obtained search warrants for Penton's Plainview and Lubbock residences, along with any electronic devices found in those residences. On August 22, 2021, HSI and DPS executed those search warrants, and located Penton's vehicle at an address in Shallowater, Texas. HSI knocked on the door and made contact with Penton. Penton was next to a cell phone: an Apple cellular phone, model Xs Max, Serial Number FFMXK8RQKPHG, IMEI number 357272096601533.

8.      Penton was led outside and agents summarized for him the details of the investigation. During the conversation, Penton confirmed that the Apple Xs Max cellular phone was his, that the Kik application was installed on it, and that he was the owner of the user account "jcp6912."

9.      DPS seized the Apple cellular phone and obtained a search warrant for the device. Forensic examination of Penton's phone revealed approximately 19 images and 17 videos of child pornography, as defined by federal law, on the device. Two of the images showed creation dates of July 27, 2021, and the videos showed creation dates ranging from April 16, 2021, to May 31, 2021. A video with a creation date of April 18, 2021, was the same video that Penton shared with four other Kik users on April 18, 2021. Penton admits that he utilized this device to distribute videos of child pornography via Kik on April 18, 29, and 30, 2021. Penton further admits that cell phone is subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and does not contest or challenge that forfeiture.

10.     Penton admits that he knowingly received and distributed an item of child pornography. Penton admits the item of child pornography had been shipped and

transported in or affecting interstate or foreign commerce by any means, including by computer. Penton admits that when he received or distributed the item, he knew it was, or contained, child pornography.

11.  The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 14 day of February, 2022.

CHAD E. MEACHAM
UNITED STATES ATTORNEY

JACOB CORY PENTON
Defendant

STEPHEN J. RANCOURT
Assistant United States Attorney
Texas State Bar No. 24079181
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7598
Facsimile:   806-472-7394
E-mail:      stephen.rancourt@usdoj.gov

CHARLES CHAMBERS
Attorney for Defendant

Jacob Cory Penton
Factual Resume—Page 6